# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARLA JEFFERY, | : |
|     *Plaintiff*, | : Civil Action No.: 1:23-cv-84 |
| v. | : |
| ERIE COUNTY OFFICE OF CLERK OF COURTS, AUBREA HAGERTY-HAYNES, and DAVID BRADFORD in their individual and official capacities, | : JURY TRIAL DEMANDED |
|     *Defendants*. | : |

## CIVIL COMPLAINT

AND NOW, comes the Plaintiff, Karla Jeffery, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint, and in support alleges the following:

### Nature of the Action

This is an action brought pursuant to the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983, the Age Discrimination Employment Act of 1967 (ADEA), the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §19, *et seq.* (PHRA), as well as retaliation for exercising her rights under these various statutes, and for the creation of a hostile work environment. The Plaintiff, Karla Jeffery, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct and retaliation, by the Defendants in this matter.

**Parties**

1.      Plaintiff, Karla Jeffery, is an adult individual, who currently resides at 2612 E. 33rd Street, Erie, PA 16510.

2.      At all times relevant hereto, the Plaintiff was a qualified individual and otherwise possessed all qualifications necessary to perform the essential functions of the job.

3.      Plaintiff is a fifty-eight (58) year old female individual, therefore a member of the protected class under the ADEA.

4.      Defendant, Erie County Office of Clerk of Courts, is a political subdivision of the Commonwealth of Pennsylvania with a principal place of business located at 140 W. Sixth Street, Erie, PA 16510.

5.      Defendant, Erie County Office of Clerk of Courts, is an employer with over fifty (50) employees and an employer within the meaning of the Pennsylvania Human Relations Act, 43 Pa. C.S.A. §19, *et seq.* (PHRA), and the Age Discrimination in Employment Act of 1967 (ADEA).

6.      Defendant, Aubrea Hagerty-Haynes, is a state actor with final policy making authority over Erie County Courthouse employees. She is sued in her individual and official capacities.

7.      Defendant, David Bradford, is a state actor with final policy making authority over Erie County Courthouse employees. He is sued in his individual and official capacities.

**Jurisdiction**

8. This Court has jurisdiction over this Complaint pursuant to Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4). Supplemental jurisdiction over the related state law claim is conferred by 28 U.S.C. §1367(a).

    A. Also, pursuant to 28 U.S.C. 1334 (3) and (4), which gives the district court's jurisdiction over actions to secure civil rights extended by the United States government.

    B. Also, pursuant to 28 U.S.C. §1367 giving the district court jurisdiction over state law claims.

9. Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

**Statements of Fact**

10. The Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

11. The Plaintiff, Karla Jeffery, began working for the Defendant Erie County on or about September 2, 2002.

12. The Plaintiff's job title is senior criminal records clerk and has been throughout her employment with this office.

13. The position of senior criminal records clerk is primarily a clerical position with various responsibilities for coordinating documents, schedules and other matters between the Court rooms and the Clerk of Courts office.

14. There is a certain hierarchy of job assignments within the Clerk of Courts office, which assignments are made based on experience and seniority.

15. In 2021, the office of Clerk of Records for Erie County, Pennsylvania was going to be open to new election, as the incumbent was retiring from the position.

16. Plaintiff did properly file and run for the position in February of 2021, representing that she felt she would be the best person for the position based on her years of experience.

17. Defendant and coworker at the time, Aubrea Hagerty-Haynes, did also file and run for the same position.

18. Plaintiff never ran or approved of any negative ads against Defendant Hagerty-Haynes.

19. The Plaintiff's political campaign in no way interfered with her job duties.

20. On or about September 21, 2021, Defendant David Bradford took a picture of a private vehicle with the Plaintiff's political sign on it, and then proceeded to express his criticism of the Plaintiff to the individual who owned the vehicle.

21. The election was held on November 2, 2021, and Defendant Hagerty-Haynes was elected the Clerk of Records.

22. On December 6, 2021, the Plaintiff was called into a meeting with Defendants Hagerty-Haynes and Bradford.

23. In that meeting, the Plaintiff was advised that the purpose was to discipline her for a number of issues, that included failure to follow procedure and unprofessional conduct, which Plaintiff denied.

24. The Plaintiff was then demoted from job assignments she had held for some time as a senior employee, to assignments that amounted to those of a new hire employee.

25. The Plaintiff was also advised that any additional issues would result in her immediate termination.

26. As a part of these allegations and discipline, there were averments made by the Defendants Hagerty-Haynes and Bradford, regarding a meeting that occurred on August 5, 2021, which suggested that this was also a disciplinary meeting.

27. Christine Fuhrman Konzel, Esquire, who was also present for the meeting on August 5, 2021, submitted a rebuttal statement on January 19, 2022, disagreeing with the assertion by Defendants Hagerty-Haynes and Bradford that said meeting was disciplinary or that she was acting as Plaintiff's counsel.

28. It also came to the Plaintiff's attention that news of her demotion had been made known to the younger members of the department prior to the meeting on December 6, 2021, and prior to the Plaintiff being told.

29. This was consistent with a practice by Defendant Hagerty-Haynes that had been increasingly common over the summer and into the fall, wherein she would in her role as Department Head for the Clerk of Courts exclude the Plaintiff from various communications and meetings within the office.

30. The Plaintiff's concern over the lack of inclusion and communication was sent to Defendant Hagerty-Haynes on August 4, 2021.

31. Despite the Plaintiff's response and demonstration of contradictory evidence as to the allegations made, the Plaintiff remains in the lower assignment and consistently experiences what is a palpably hostile work environment.

32. The Plaintiff has observed a clear bias against the older workers in the office in both treatment, assignments, and communication.

33. Recent hires have all been in their 20's to the best of the Plaintiff's understanding.

34. The Plaintiff believes she is being driven from the Clerk of Courts as a result of her political speech and activity, and her age.

35. The Plaintiff maintains that the actions of all Defendants were in violation of the Age Discrimination in Employment Act, and her rights under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

36. A Charge was filed with the EEOC on or about April 5, 2022.

37. A Notice of Right to Suit was issued by the EEOC on December 27, 2022. (Ex. 1).

## COUNT I: AGE DISCRIMINATION: ADEA & PHRA

38. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

39. Plaintiff was fifty-eight (58) years of age when she was subject to multiple adverse employment actions by the Defendants.

40. Plaintiff is aware of other individuals over the age of fifty (50) that have been similarly treated or otherwise driven from the Defendants' employment.

41. Plaintiff maintains that younger employees have been treated differently, and that the treatment she has endured is due to her age.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages,

declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT II: 42 U.S.C. §1983

42. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

43. The Defendants demoted and disciplined the Plaintiff because of her political affiliation, in violation of her right to belief and association under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

44. The Defendants also demoted and disciplined the Plaintiff because of her speech as a citizen on matters of public concern, and because of her decision to run for office, in violation of her rights to free speech and to petition the government under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. §1983.

45. In demoting and disciplining the Plaintiff, Defendant Hagerty-Haynes, as Erie County First Deputy Clerk of Records, acted under color of state law, inasmuch as her conduct, as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendant is and was clothed with the authority of state law.

46. In demoting and disciplining the Plaintiff, Defendant Bradford, as Erie County First Deputy Recorder of Deeds, acted under color of state law, inasmuch as his conduct, as set forth at length above, constitutes misuse of power possessed solely by virtue of state law and made possible only because Defendant is and was clothed with the authority of state law.

47. Defendants' actions towards the Plaintiff were intentional and were undertaken with reckless disregard of her federally protected right to not have her employment conditioned on a pledge of political allegiance to a party or candidate she may not prefer to support.

48. Defendants' conduct, as set forth above, was a conscious choice to disregard the Plaintiff's constitutional rights, and deprived Plaintiff, under color of state law, of rights guaranteed by the First and Fourteenth Amendments of the U.S. Constitution, in violation of 42 U.S.C. §1983.

49. As a direct and proximate result of Defendants' intentional and reckless actions, the Plaintiff has sustained the injuries and damages, including but not limited to lost wages and benefits, as well as mental and emotional distress, loss of reputation, humiliation, and inconvenience.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

**COUNT III: RETALIATION: ADEA, PHRA &
FIRST AND FOURTEENTH AMENDMENTS**

50. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

51.     Plaintiff advised and discussed her rights to be free of discrimination on multiple occasions with the Defendants, which constituted protected activity under these statutes.

52.     Under the ADEA, PHRA, and the First and Fourteenth Amendments, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

53.     As a result, Plaintiff was harassed, humiliated, and discriminated against by the Defendants in retaliation for the assertion of her rights under the ADEA, PHRA, and the First and Fourteenth Amendments.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## COUNT IV: HOSTILE WORK ENVIRONMENT

54.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

55.     Plaintiff has repeatedly endured acts of discrimination and retaliation from the Defendants.

56. The Plaintiff's superiors and agents of the Defendants have increasingly responded to her in a manner that was intensely hostile, and said behavior has affected Plaintiff's ability to perform her job duties.

57. As a direct and proximate result of Defendants' actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendants, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants for deprivation of her rights, and damages as follows:

A) Grant a permanent injunction enjoining the Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or

      discriminate in violation of the ADEA, PHRA, and the First and Fourteenth Amendments;

B) Grant a permanent injunction enjoining the Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from retaliating against Plaintiff because she engaged in First and Fourteenth Amendments protected activities;

C) Order Defendants to institute and implement training programs, policies, and practices and programs designed to ensure the Defendants do not retaliate and/or interfere with those who engage in statutorily protected activity and/or First and Fourteenth Amendment protected activities;

D) Order Defendants to make whole Karla Jeffery, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practices;

E) Order Defendants to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment;

F) That Plaintiff be awarded compensatory damages to compensate for pain, suffering, emotional distress, humiliation, and loss of reputation that she has suffered as a result of Defendants' conduct, in an amount to be determined at trial;

G) That Plaintiff be awarded punitive damages against Defendants Hagerty-Haynes and Bradford individually in an amount sufficient to punish Defendants and to deter similar conduct;

H) That Plaintiff be awarded against Defendants the costs and expenses of this litigation, and pursuant to 42 U.S.C. §1988, a reasonable attorney's fees; and

I) That Plaintiff be awarded such other legal and equitable relief as this Court deems to be appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481
E: sean@caseylegal.com